IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TRINITY WALL STREET,

                Plaintiff,

    v.

WAL-MART STORES, INC.,

                Defendant.

C.A. No. 14-405-LPS

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT WAL-MART STORES, INC.'S MOTION TO DISMISS THE AMENDED COMPLAINT**

Joel Friedlander (Bar No. 3163)
Christopher M. Foulds (Bar No. 5169)
FRIEDLANDER & GORRIS, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500

*Attorney for the Plaintiff Trinity Wall Street*

Dated:  June 23, 2014

## TABLE OF CONTENTS

**Pages**

PRELIMINARY STATEMENT ................................................................. 1

NATURE AND STAGE OF PROCEEDINGS ........................................ 2

STATEMENT OF FACTS ...................................................................... 3

I.     WAL-MART AND ITS SHAREHOLDER TRINITY WALL STREET. ....................... 3

II     TRINITY WALL STREET SEEKS A PRELIMINARY INJUNCTION ........................ 4

III.   TRINITY WALL STREET FILES ITS AMENDED COMPLAINT ............................ 4

IV.    WAL-MART FILES ITS MOTION TO DISMISS ......................................... 6

V.     TRINITY WALL STREET FILES ITS MOTION FOR SUMMARY
       JUDGEMENT ........................................................................... 6

SUMMARY OF ARGUMENT ................................................................. 6

ARGUMENT ......................................................................................... 7

I.     THE AMENDED COMPLAINT PRESENTS A LIVE "CASE OR
       CONTROVERSY" ...................................................................... 7

II.    TRINITY'S REQUEST FOR DECLARATORY RELIEF REGARDING THE
       2015 PROXY MATERIALS IS RIPE .................................................. 8

       A.   THE PARTIES' INTERESTS ARE ADVERSE ................................. 9

       B.   JUDGEMENT WOULD BRING CERTAINTY ................................ 11

       C.   A DECLARTORY JUDGEMENT WOULD BE USEFUL
            TO THE PARTIES ........................................................... 13

III.   TRINITY'S REQUEST FOR DECLARATORY RELIEF REGARDING
       WAL-MART'S EXCLUSION OF ITS PROPOSAL FROM THE 2014 PROXY
       MATERIALS IS NOT MOOT .......................................................... 14

CONCLUSION ..................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

## Rules and Statutes

17 C.F.R. § 240.14a–8(j) ................................................................................17

28 U.S.C. § 2201 ................................................................................8

## Cases

*Abbot Labs. v. Gardner,*
387 U.S. 136 (1967)................................................................................8

*Am. Fed'n of State Cnty. & Mun. Emps. v. Am. Int'l Grp., Inc.,*
462 F.3d 121 (2d Cir. 2006)................................................................19

*Amalgamated Clothing & Textile Workers Union v. Wal-Mart Stores, Inc.,*
821 F. Supp. 877 (S.D.N.Y. 1993), *aff'd,* 54 F.3d 69 (2d Cir. 1995)...........16

*Bank of Am. Nat'l Ass'n v. Martin,*
No. 12-cv-544, 2013 WL 5128840 (M.D. Pa. Sept. 12, 2013)...................10

*Bell Atl. Corp. v. MFS Commnc'ns Co., Inc.,*
901 F. Supp. 835 (D. Del. 1995)................................................................9

*Cnty. of Morris v. Nationalist Movement,*
273 F.3d 527 (3d Cir. 2001)................................................................18

*Diop v. ICE/Homeland Sec.,*
656 F.3d 221 (3d Cir. 2011)................................................................15, 16

*Edmonson v. Lincoln Nat'l Life Ins. Co.,*
725 F.3d 406 (3d Cir. 2013)................................................................7

*First Nat. Bank of Boston v. Bellotti,*
435 U.S. 765 (1978)................................................................................16

*Flast v. Cohen,*
392 U.S. 83 (1968)................................................................................8

*Fracasse v. People's United Bank,*
747 F.3d 141 (2d Cir. 2014)................................................................19

*Khodara Env't, Inc. v. Blakey,*
376 F.3d 187 (3d Cir. 2004)................................................................11

*Knox v. Serv. Emp. Int'l Union, Local 1000,*
132 S. Ct. 2277 (2012)................................................................7

*Lindner v. Am. Express Co.*,
No. 10 Civ. 2228 (JSR)(JLC), 2011 WL 2581745 (S.D.N.Y. June 27, 2011) ..............................17

*MedImmune, Inc. v. Genetech, Inc.*,
549 U.S. 118 (2007)...........................................................................................................................8

*Nichols v. Markell*,
No. 12-777 (CJB), 2014 WL 1509780 (D. Del. Apr. 17, 2014) ......................................................11

*Pittsburgh Mack Sales & Serv., Inc. v. Int'l Union of Operating Eng'r*,
580 F.3d 185 (3d Cir. 2009).....................................................................................................10-11

*Presbytery of N.J. of Orthodox Presbyterian Church v. Florio*,
40 F.3d 1454 (3d Cir. 1994)......................................................................................................9, 12

*N.Y. City Emps.' Ret. Sys. v. Dole Food Co.*,
969 F.2d 1430 (2d Cir. 1992)..................................................................................................17-18

*Robbins & Myers, Inc. v. J.M. Huber Corp.*,
No. 01-CV-0201E(F), 2001 WL 967606 (W.D.N.Y. Aug. 23, 2001)...........................................11

*Roe v. Wade*,
410 U.S. 113 (1973).......................................................................................................................14

*S. Pac. Terminal Co. v. Interstate Commerce Comm'n*,
219 U.S. 498 (1911).......................................................................................................................16

*Step–Saver Data Sys., Inc. v. Wyse Tech.*,
912 F.2d 643 (3d. Cir.1990)............................................................................................................9

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Grp.*,
559 U.S. 662 (2010).........................................................................................................................8

*Surrick v. Killion*,
449 F.3d 520 (3d Cir. 2006)..........................................................................................9, 11, 12, 13

*Travelers Ins. Co. v. Obusek*,
72 F.3d 1148 (3d Cir. 1995).............................................................................................9, 11, 13

*Turner v. Rogers*,
131 S. Ct. 2507 (2011)......................................................................................................14, 15, 16

*U.S. v. Frumento*,
552 F.2d 534 (3d Cir. 1977).........................................................................................................14

*Wailua Assocs. v. Aetna Cas. & Sur. Co.*,
183 F.R.D. 550 (D. Haw. 1998)....................................................................................................11

Trinity Wall Street, whose full legal name is The Rector, Church-Wardens, and

Vestrymen of Trinity Church, in the City of New York ("Trinity Wall Street" or "Trinity"),

respectfully submits this memorandum of law in opposition to defendant Wal-Mart Stores, Inc.'s

("Wal-Mart" or the "Company") motion to dismiss under Fed. R. Civ. P. 12(b)(1) (the "Motion")

and opening brief in support thereof (the "Op. Br.").

## PRELIMINARY STATEMENT

Relying on the "ordinary business" exception to a shareholder's federal right to advance a

shareholder proposal, Wal-Mart wrongfully excluded from its proxy materials for its 2014

annual meeting (the "2014 Proxy Materials") the proposal submitted by Trinity (the "Proposal").

Trinity was timely and proceeded expeditiously, but only thirty-three days were available

between Wal-Mart's definitive rejection of the Proposal and the filing of the 2014 Proxy

Materials.  That short interval was insufficient for Trinity to present a claim for final relief.  To

resolve the parties' dispute on the merits, Trinity filed an amended complaint (the "Amended

Complaint"), which will allow the Court time to consider a fully briefed motion for summary

judgment on the question whether the Proposal may lawfully be excluded under the ordinary

business exception.

Wal-Mart now claims that Trinity's claims are both moot and unripe.  But if Trinity's

claims are not heard now, when Trinity submits its proposal for inclusion in Wal-Mart's 2015

proxy statement (the "2015 Proxy Materials"), the same problem will recur.  There will not be

enough time for a full hearing on the merits, and certainly no time for an appeal.

The law does not require litigants to pursue recurring futility.  The question whether the

ordinary business exception applies to the Proposal is a concrete dispute.  There is here a

continuing dispute between the parties concerning the ordinary business exception.  Trinity has

expressly declared — in a sworn statement — its commitment to filing the Proposal for inclusion

in the 2015 Proxy Materials unless its right to do so is rejected in this litigation. Wal-Mart has already taken steps to exclude the Proposal in 2014, and clearly will do so again in 2015. Under the case law, this is enough to establish ripeness.

Moreover, the dispute with respect to the 2014 Proxy Materials is not moot. Wal-Mart's reliance on the ordinary business exception is capable of repetition. That position's legality would evade judicial review if Trinity were required to wait until 2015 for Wal-Mart's definitive rejection of the Proposal.[1] The case law shows that full judicial review is required, including any appellate review. Wal-Mart ignores recent, controlling Supreme Court precedent establishing that two years is insufficient time to litigate a matter fully through trial and appeal. Without sufficient time, the claim evades review. Wal-Mart also fails to distinguish a leading Second Circuit case where subject matter jurisdiction continued in a proxy dispute notwithstanding that the annual meeting had been held.

Wal-Mart's Motion with respect to both ripeness and mootness is based on the fiction that Wal-Mart will change its mind about the application of the ordinary business exception. This is a fiction because it ignores the reality that the dispute is a continuing one and that the facts – the content of the Proposal – will remain unchanged before the 2015 proxy season provided only that the right to submit it is not rejected in this litigation. Accordingly, the Motion should be denied.

## NATURE AND STAGE OF PROCEEDINGS

Trinity filed its Verified Complaint (the "Complaint") and a Motion for a Preliminary Injunction and Temporary Restraining Order on April 1, 2014. (D.I. 1, 4). The parties

---

[1] Even were Trinity to submit the Proposal to Wal-Mart today, and risk its ability to modify the Proposal if and only if it is rejected in its current form, Wal-Mart could well decide that it can rely on the no-action relief already obtained and defer a definitive rejection of the proposal until shortly before its proxy statement is mailed. If it seeks no-action relief again, it could defer a rejection until 80 days before mailing, which is the deadline for filing for no-action relief.

2

subsequently submitted additional letter briefs on an expedited schedule. (D.I. 11, 13). On April 11, 2014, the Court heard argument on, and ultimately denied, Trinity's motion for preliminary relief. (D.I. 18). On June 18, Trinity filed a motion for summary judgment and the Declaration of the Rev. Dr. James Cooper (the "Cooper Decl.") in support thereof. (D.I. 37, 39). On May 6, 2014, Wal-Mart filed a motion to dismiss the Complaint. (D.I. 26-28). In response, Plaintiff filed the Amended Complaint on May 19, 2014. (D.I. 32). On June 5, 2014, Wal-Mart moved to dismiss the Amended Complaint on the grounds of mootness and ripeness. (D.I. 33). Trinity opposes Wal-Mart's motion to dismiss.

## STATEMENT OF FACTS

### I.   WAL-MART AND ITS SHAREHOLDER TRINITY WALL STREET

Wal-Mart, the world's largest retailer, is a publicly listed corporation organized under the laws of the State of Delaware. Trinity, an Episcopal parish and a shareholder of Wal-Mart, is deeply concerned by Wal-Mart's inconsistent approach to dangerous products and products that pose significant risks to its reputation. To address this corporate governance failure, Trinity submitted a proposal for inclusion in the 2014 Proxy Materials and, eventually a shareholder vote, by letter dated December 18, 2013 (the "Proposal"). *See* Decl. of Stacy Brandom (D.I. 3) (the "Brandom Decl."), Ex. D.

On January 30, 2014, Wal-Mart wrote to the Corporate Finance Division of the Securities and Exchange Commission (the "Division") and stated its intention to omit the Proposal from the 2014 Proxy Materials (the "No-Action Request") on the grounds that the Proposal deals with matters relating to Wal-Mart's ordinary business operations and is thus excludable pursuant to Rule 14-8(i)(7). Brandom Decl. (D.I. 3), Ex. E. On February 4, 2014, Trinity responded to the No-Action Request by explaining to the Division that the Proposal was proper in all respects under Rule 14a-8 and therefore Wal-Mart was required to include it in the 2014 Proxy Materials.

3

Brandom Decl. (D.I. 3), Ex. F (the "No-Action Reply").

On March 20, 2014, the Division issued a no-action letter (the "No-Action Letter"), informing Wal-Mart that there appeared to be "some basis" for its view that it could exclude the Proposal under Rule 14a-8(i)(7).  Brandom Decl. (D.I. 3), Ex. G.

## II.   TRINITY WALL STREET SEEKS A PRELIMINARY INJUNCTION

In its Complaint, filed on April 1, 2014, Trinity sought a declaratory judgment that Wal-Mart's decision to omit the Proposal from the 2014 Proxy Materials violated Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act" or the "1934 Act") and Rule 14a-8 promulgated thereunder, and injunctive relief compelling Wal-Mart to include the Proposal in the 2014 Proxy Materials.  Due to the abbreviated 33-day period between the issuance of the No-Action Letter on March 20, 2014 and the mailing of the 2014 Proxy Materials on April 22, 2014, Trinity also moved on April 1 for a temporary restraining order and preliminary injunctive relief enjoining Wal-Mart from issuing its 2014 Proxy Materials without including the Proposal.  Wal-Mart contended that it was not required to include the Proposal because it fell within the ordinary business exception.

The Court denied Trinity's motion on April 11, 2014.  In reaching this conclusion, the Court emphasized the time constraints under which it was required to resolve the motion and observed that "if the case proceeds, I'll at least have more time to reflect further on the argument."  Apr. 11, 2014 Hr'g Tr. at 45.  Similarly, counsel for Wal-Mart urged the court to delay a decision, noting that if the Court "were to rule this proposal passes muster six months from now, clearly that would provide significant guidance to the parties."  *Id.* at 24.

## III.   TRINITY WALL STREET FILES ITS AMENDED COMPLAINT

Wal-Mart filed and distributed its 2014 Proxy Materials on or about April 22, 2014 without the Proposal.  The parties subsequently conferred with the Court by teleconference on

April 30, 2014 to discuss scheduling.  At this conference Wal-Mart agreed that, to be useful,  the

parties "just need a ruling before, some reasonable amount of time before Wal-Mart goes to press

next year."  Apr. 30, 2014 Hr'g Tr. at 6-7.  While conceding the practical value of a ruling in

advance of next year's proxy period, Wal-Mart's lawyers sought to create a jurisdictional

quandary by advancing the position that the "2014 ship has passed," but it would be "really

premature" to rule on "a proposal for 2015."  *Id.* at 9-10.  The Court subsequently entered an

expedited schedule to accommodate both the abbreviated nature of the proxy proceedings and

the predominantly legal nature of the case, which required little to no discovery.

In accordance with the Court's order, on May 16, 2014, Trinity filed its Amended

Complaint, which seeks: (1) a declaratory judgment that Wal-Mart's exclusion of the Proposal

from the 2014 Proxy Materials violated Section 14(a) of the 1934 Act and Rule 14a-8; (2) a

declaratory judgment that Wal-Mart's reasonably anticipated exclusion of the Proposal from the

2015 Proxy Materials would violate Section 14(a) of the 1934 Act and Rule 14a-8; and (3)

injunctive relief against Wal-Mart's exclusion of the Proposal in the 2015 Proxy Materials.

The Amended Complaint confirms that Trinity does and will continue to meet all of the

procedural requirements for filing its Proposal pursuant to Section 14(a) and Rule 14a-8 and that

it intends to file the Proposal again in connection with the 2015 Proxy Materials.  Am. Compl. ¶¶

35-40.  Specifically, the Rev. Dr. James H. Cooper, Trinity's Rector, confirmed that Trinity

currently owns at least $2,000 of Wal-Mart stock, has held these shares for at least a year, will

continue to hold these shares at least through Wal-Mart's 2015 Annual Shareholders' Meeting,

and that Trinity will submit its Proposal again for inclusion in the 2015 Proxy Materials.  *See*

Am. Compl. ¶ 35-40; *see also* Cooper Decl. (D.I. 39) ¶¶ 3-4

## IV.    WAL-MART FILES ITS MOTION TO DISMISS

On June 5, 2014, Wal-Mart filed a Motion to Dismiss the Amended Complaint, which

argues that: (1) declaratory relief is inappropriate for an action that has already occurred, given

that the Proposal was already omitted from the 2014 Proxy Materials; and (2) that the claim

pertaining to the 2015 Proxy Materials is not ripe for adjudication as Trinity has not yet

submitted such a proposal, could submit a substantially different proposal, and Wal-Mart has not

yet taken a stance on any prospective proposal to be submitted.

## V.    TRINITY WALL STREET FILES ITS MOTION FOR SUMMARY JUDGMENT

On June 18, 2014, Trinity filed a motion for summary judgment on its Amended

Complaint. Trinity argues that Wal-Mart may not exclude the Proposal from its proxy statement

pursuant to the ordinary business exception, as the Proposal does not seek to interfere with the

day-to-day operations of the Company and instead focuses on broader oversight of Wal-Mart's

decision-making processes. In support of this motion, Trinity submitted the Cooper Decl. (D.I.

39), which, among other things, explained the genesis of Trinity's governance proposal and sets

forth Trinity's eligibility for submitting a shareholder proposal under Rule 14a-8 and its

commitment to submitting a substantially identical Proposal for the 2015 proxy season. Cooper

Decl. (D.I. 39) at ¶ 3.

### SUMMARY OF ARGUMENT

1.     The Amended Complaint should not be dismissed for lack of subject matter

jurisdiction because it presents a current, justiciable controversy on which this Court may grant

relief. Such a controversy exists both with respect to the inclusion of the Proposal in Wal-Mart's

2014 Proxy Materials and its 2015 Proxy Materials.


2.     The dispute regarding the 2015 Proxy Materials is ripe under established Third

Circuit precedent because (i) the parties' interests are adverse, (ii) the Court's judgment would

6

definitively resolve their legal dispute, and (iii) this judgment would be useful to the parties in guiding their future conduct.

3.     Similarly, Trinity's action regarding Wal-Mart's 2014 Proxy Materials is not moot because it is "capable of repetition" while "evading review." Under established Supreme Court precedent, the short time afforded by the schedule of Wal-Mart's annual proxy season is insufficient to litigate fully the parties' dispute and ensure the availability of appellate review. Further, the facts of this case demonstrate that, without conclusive resolution from this Court, the parties will simply reenact precisely the same truncated conflict for the foreseeable future.

## ARGUMENT

### I.     THE AMENDED COMPLAINT PRESENTS A LIVE "CASE OR CONTROVERSY"

The justiciability requirements of mootness and ripeness derive from the constraints imposed on federal courts by Article III of the Constitution which "limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Edmonson v. Lincoln Nat'l Life Ins. Co.*, 725 F.3d 406, 414 (3d Cir. 2013) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992)).

Under this requirement, a "case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emp. Int'l Union, Local 1000*, 132 S. Ct. 2277, 2287 (2012) (internal quotation omitted). Thus, "as long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Id.* The "basic rationale [of the ripeness doctrine] is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Abbot Labs. v. Gardner*, 387 U.S. 136, 148 (1967). In considering whether a case "is ripe for judicial review, we consider both the fitness of the issues for judicial decision and the hardship

7

of withholding court consideration." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Grp.*, 559 U.S. 662, 671 (2010) (internal quotation omitted).

28 U.S.C. § 2201 allows for a declaratory judgment where there is an "actual controversy." This requirement is coextensive with the jurisdictional limits imposed by Article III. *See MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 127 (2007) (the phrase "case of actual controversy in the Act refers to the type of Cases and Controversies that are justiciable under Article III") (internal quotation omitted). The Supreme Court has explained that "[o]ur decisions have required that the dispute be definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (internal quotation omitted).

Ultimately, "[j]usticiability is itself a concept of uncertain meaning and scope" which seeks to ensure that federal courts hear only those disputes "which are traditionally thought to be capable of resolution through the judicial process." *Flast v. Cohen*, 392 U.S. 83, 95-97 (1968). So it is here. Trinity seeks a declaration of its legal rights on developed facts.

## II.    TRINITY'S REQUEST FOR DECLARATORY RELIEF REGARDING THE 2015 PROXY MATERIALS IS RIPE

Count II of the Amended Complaint seeks declaratory and injunctive relief to prevent Wal-Mart from excluding the Proposal from the 2015 Proxy Materials. There is nothing advisory or hypothetical about this action. Rather, it governs a real and ripe dispute between Trinity and Wal-Mart: Trinity has committed to file the Proposal with respect to the 2015 Proxy Materials, and it is entirely reasonable to infer Wal-Mart will again exclude the Proposal based on the ordinary business exception. The facts and law will be unchanged. Determination of the issue now will conclusively determine this legal dispute. Especially in light of Wal-Mart's

argument that any action with respect to the 2014 Proxy Materials is moot, an action must be brought now in order to have sufficient time for a full hearing on the merits before the 2015 Proxy Materials are sent out.

Within the Third Circuit, the "ripeness" inquiry in the context of a declaratory judgment action requires:  (1) the adversity of the legal interests between the parties;  (2) the certainty that a judgment would bring;  and (3) the "practical help" or "usefulness" that a declaratory judgment would provide.  *See Step–Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 650 (3d. Cir.1990); *see also Surrick v. Killion*, 449 F.3d 520, 527 (3d Cir. 2006).  These factors are satisfied here.

### A.    The Parties' Interests are Adverse

To demonstrate an adversity of interest, Trinity "need not have suffered a 'completed harm'"; rather, it need only show a "substantial threat of real harm." *Presbytery of N.J. of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1463 (3d Cir. 1994).[2]  To make this showing, Trinity is not required to "meet the nearly insurmountable burden of establishing that the relevant injury is a mathematical certainty to occur, nor must [it] await actual injury before filing suit" as this would "eviscerate the Declaratory Judgment Act and render the relief it was intended to provide illusory." *Travelers Ins. Co. v. Obusek*, 72 F.3d 1148, 1154 (3d Cir. 1995). As Wal-Mart argues, "declaratory relief is by definition prospective in nature."  Op. Br. (D.I. 33) at 10 (citations omitted).

Trinity faces a "substantial threat of real harm" from Wal-Mart's refusal to include the Proposal in its 2015 Proxy Materials, such that the parties' interests are definitively adverse.

---

[2] Wal-Mart cites *Bell Atl. Corp. v. MFS Commnc'ns Co., Inc.*, 901 F. Supp. 835, 843 (D. Del. 1995) for the proposition that a claim is not ripe for adjudication if is "contingent" on the "occurrence of some future event."  However, consistent with Third Circuit precedent, *Bell Atl.* only requires that the plaintiff "demonstrate that the probability of that future event occurring is real and substantial, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (citation omitted).

Trinity, and Wal-Mart's other shareholders, were deprived of their rights when the 2014 Proxy

Materials were filed and transmitted without the inclusion of the Proposal.  Through this

declaratory action, Trinity seeks to challenge this deprivation of its rights as a qualified Wal-

Mart shareholder and vindicate its and the other shareholders' rights to participatory shareholder

democracy.  Declaratory relief is needed to assure that similar irreparable injury does not occur

with respect to the 2015 Proxy Materials.  Am. Compl. ¶ 49.

Nor is this harm speculative or contingent on future events.  As per its sworn Amended

Complaint, Trinity will be submitting the Proposal for inclusion in the 2015 Proxy Materials as

drafted, and — as it did with respect to the identical 2014 Proxy Materials — Wal-Mart can

reasonably be expected to exclude the Proposal.[3]  Am. Compl. ¶ 9.  Wal-Mart has given no

indication it will in the future pursue any course of action different than its petition for no-action

relief and ultimate exclusion of the Proposal in 2014 in reliance on the ordinary business

exception.[4]  This is sufficient adversity for a ripe dispute.  *See Pittsburgh Mack Sales & Serv.,*

*Inc. v. Int'l Union of Operating Eng'r*, 580 F.3d 185, 191 (3d Cir. 2009) (declaratory action

seeking resolution of legal question regarding whether indemnification was owed was deemed

---

[3] Wal-Mart relies on reservation of rights language in the Amended Complaint to argue either
that the 2015 Proposal is not ripe for adjudication or that Trinity is seeking a non-justiciable
advisory opinion.  Op. Brief at 14.  However, Trinity's statement that it would submit the same
Proposal "or an amended proposal to cure any defects identified as a result of this litigation"
merely reflects Trinity's reservation of its right to modify its 2015 Proposal if and only if this
Court were to adjudicate the ***2014 Proposal*** and find some legal deficiency prior to the 2015
proxy season.  Am. Compl. ¶ 40

[4] Wal-Mart has already taken the positions that the securities law permits exclusion of the
Proposal and that inclusion of the Proposal  would "lessen[] the degree to which shareholders are
reading [the proxy statement]" and "open the floodgates" to more shareholder actions seeking
the inclusion of such proposals.  April 11, 2014 Hr'g Tr. at 28-29.  Wal-Mart has thus taken a
position explicitly against the inclusion of the Proposal on a legal and policy basis.  The chance
that Wal-Mart acts in a manner adverse to Trinity is therefore  a certainty, which is sufficient.
*Bank of Am. Nat'l Ass'n v. Martin*, No. 12-cv-544, 2013 WL 5128843, at *8 (M.D. Pa. Sept. 12,
2013).

ripe where defendant previously had indicated it would not provide indemnification); *Nichols v. Markell*, No. 12-777 (CJB), 2014 WL 1509780, at *23 (D. Del. Apr. 17, 2014) (holding that, despite certain contingent events, the state of the record did not suggest significant uncertainty such that the parties' legal interests were insufficiently adverse); *cf. Robbins & Myers, Inc. v. J.M. Huber Corp.*, No. 01-CV-0201E(F), 2001 WL 967606, at *5 (W.D.N.Y. Aug. 23, 2001) (discussing *Step-Saver* and noting that where the controversy concerns a contingent right, a declaratory judgment may nonetheless be adjudicated because "[a]fter the contingency . . . comes to pass, it will be too late for the plaintiff to avoid . . . damages and the very purpose of the declaratory judgment procedure is to prevent the accrual of such avoidable damages.") (citations omitted).[5]

## B.   Judgment Would Bring Certainty

Adjudication of Trinity's declaratory judgment action also would conclusively change or clarify the legal status of the parties with respect to the application of the ordinary business exception to the Proposal. *Travelers Ins.*, 72 F.3d at 1155. Trinity has always maintained — and Wal-Mart does not dispute — that this case involves a "predominantly legal" question. *Id.* As such, it is "particularly 'amenable to a conclusive determination in a preenforcement context' . . . and generally require[s] less factual development." *Surrick*, 449 F.3d at 528 (quoting *Presbytery of N.J.*, 40 F.3d at 1468); *see also Khodara Env't, Inc. v. Blakey*, 376 F.3d 187, 198 (3d Cir. 2004) (noting that primarily legal cases are more likely to be conclusive as the court "will not be in any better position to answer this question in the future than we are now").

Wal-Mart contends that "no justiciable controversy exists unless and until (i) Trinity has

---

[5] Wal-Mart relies on numerous cases that are inapt because the plaintiffs sought advisory opinions concerning actions that may or may not be taken. *See, e.g., Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 559 (D. Haw. 1998) (finding that plaintiff was basically seeking an advisory opinion on its rights under an insurance policy based on actions "it contemplate[d] doing").

submitted an actual shareholder proposal for inclusion in the 2015 Proxy Materials and (ii) Wal-Mart has determined that it will exclude such proposal." Op. Brief (D.I. 33) at 18.  But this requires well more than what the law imposes, especially where, as here, the case primarily involves a question of law applied to established facts, *i.e.*, the terms of the Proposal.

In *Surrick*, the plaintiff was suspended from practicing law in Pennsylvania state courts but had been reinstated to practice before the U.S. District Court for the Eastern District of Pennsylvania.  Following a state court decision ruling that a lawyer suspended from practice in Pennsylvania courts but readmitted in federal district court could not maintain a law office in the state so long as he remained suspended to practice in state court, Surrick sought a declaratory judgment that enforcement of this decision was federally preempted.  As here, the defendant argued that Surrick's claim was not ripe because he had not yet opened a law office based on a purely federal practice nor been sanctioned by the State for doing so.  However, the Third Circuit disagreed, noting that Surrick had sufficiently established the factual record by specifically testifying about his planned conduct.  *Surrick*, 449 F.3d at 529.  Based on these assurances, the Court stated that it "fail[ed] to see how any further factual development, short of waiting for Surrick to open an office and the Office of Disciplinary Counsel to then take action, could aid our resolution of the preemption question." *Id.*

Similarly, Trinity is not asking the Court for "an opinion advising what the law would be upon a hypothetical state of facts." *Presbytery of N.J.*, 40 F.3d at 1463.  Trinity has made a sworn statement that it will submit the Proposal as drafted prior to the December 24, 2014 deadline for inclusion in the 2015 Proxy Materials and that it currently meets and will continue to meet all of the legal and procedural requirements under Section 14(a) and the rules promulgated thereunder for submitting the Proposal. Am. Compl. ¶¶ 35-40.  Wal-Mart has

previously rejected this same Proposal as falling within the ordinary business exception and has not given any reason to believe it might act any differently.  That it will again exclude the Proposal on the basis of the ordinary business exception is the only reasonable inference from the known facts.  Thus, the only genuine question remaining is the purely legal dispute regarding whether Rule 14a-8(i)(7), the ordinary business exception, permits exclusion of the Proposal. There are no other facts necessary to make this declaratory judgment action ripe for adjudication and "no reason why disposition of this case could not conclusively determine the legal issues in dispute. *Surrick*, 449 F.3d at 529.

### C.    A Declaratory Judgment Would Be Useful to the Parties

The Declaratory Judgment Act was enacted "to clarify legal relationships so that plaintiffs (and possibly defendants) could make responsible decisions about the future." *Travelers Ins.*, 72 F.3d at 1155 (quoting *Step-Saver*, 912 F.2d at 650).  Resolution of this issue would be of practical help to both parties in determining their course of action with respect to the Proposal in the coming year.  For Trinity, it will know whether or not it may demand inclusion of the Proposal in the 2015 Proxy Materials without again becoming embroiled in an abbreviated process that prevents the Proposal's inclusion without the possibility of any substantive resolution of its legality on the merits.  And for Wal-Mart, resolution of this case will give it an advanced conclusive decision regarding whether or not it may exclude the Proposal from its 2015 Proxy Materials in reliance on the ordinary business exception.  Indeed, Wal-Mart's own counsel conceded at the hearing on Trinity's motion for a preliminary injunction that if the Court "were to rule this [P]roposal passes muster six months from now, clearly that would provide significant guidance to the parties."  Apr. 11, 2014 Hr'g Tr. at 24.  Accordingly, Wal-Mart's counsel "absolutely agree[d] that [a declaratory judgment] would provide guidance." *Id.*

The Amended Complaint sets forth a live dispute between the parties concerning a legal

issue that presents a real and substantial harm to Trinity and Wal-Mart's other shareholders. Waiting any longer to adjudicate this dispute would allow this harm to come to pass. Since the very purpose of the declaratory judgment procedure is to avoid such harms, Trinity's claims are ripe and require resolution.

## III. TRINITY'S REQUEST FOR DECLARATORY RELIEF REGARDING WAL-MART'S EXCLUSION OF ITS PROPOSAL FROM THE 2014 PROXY MATERIALS IS NOT MOOT

Count I of the Amended Complaint requests declaratory judgment regarding the 2014 Proxy Materials, which have already been distributed. Count I is not moot because, without current adjudication, it will likely be repeated in the future and, in each instance, the parties would lack sufficient time for a full judicial review accepting *arguendo* Wal-Mart's conception of ripeness. As such, it falls within "a special category of disputes that are capable of repetition while evading review" and therefore "is not moot." *Turner v. Rogers*, 131 S. Ct. 2507, 2515 (2011) (internal quotation omitted). As is thoroughly demonstrated by the procedural history of this case, there simply is not enough time for a full hearing on the merits of a dispute before proxies must be distributed and an annual meeting held, to say nothing of the time necessary for a full appeal of any decision.

The capable of repetition but evading review exception standard is the "most traditional of exceptions to the mootness doctrine," *U.S. v. Frumento*, 552 F.2d 534, 537 (3d Cir. 1977), and acts as a check on the doctrine to avoid rigid application in cases where, based on the speed of the underlying issue, "litigation seldom will survive beyond the trial stage, and appellate review will be effectively denied." *Roe v. Wade*, 410 U.S. 113, 125 (1973). The Supreme Court has held that "[o]ur law should not be that rigid." *Id.*

The exception has two elements. The first element is repetition: there must be "a reasonable expectation that the same complaining party [will] be subjected to the same action

14

again." *Turner*, 131 S. Ct. at 2515 (internal quotation omitted).  The second element is evasion

of review:  the challenged action must be "in its duration too short to be fully litigated prior to its

cessation or expiration." *Id.*  The defendant bears the burden of proving the exception does not

apply.  *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 227 (3d Cir. 2011) (holding in the context of

the capable of repetition, yet evading review exception the [Defendant] Government "bears the

burden of proving that this appeal is moot").

There is no question that Wal-Mart's conduct in refusing to include the Proposal in its

proxy materials is capable of repetition.  All the law requires is that there be a "reasonable

expectation" of repetition and that such expectation is not "wholly speculative." *Diop*, 656 F.3d

at 228.  Repetition is all but certain here.  The Amended Complaint itself is evidence of

repetition:  the actions with respect to 2014 are already repeated for 2015.  Trinity has committed

itself to filing the Proposal for inclusion in the 2015 Proxy Materials.  Am. Compl. ¶ 4.  A

declaratory judgment for the 2014 Proposal will invariably address the same legal and factual

issues in 2015 and beyond, such that the Court at this moment has all the relevant evidence it

needs to make a ruling dispositive of any future iterations of this claim.

Actions seeking to prevent Wal-Mart from excluding the Proposal will evade full judicial

review.  This conclusion is  apparent from the procedural history of this case:  Trinity's action

regarding the 2014 Proxy Materials did not have enough time to be litigated fully prior to

mailing.  Any future action would be no different.

The Supreme Court has recently clarified the relevant timeframe when a claim would

evade review.  For a case to be "fully litigated," it must have the opportunity to "be fully litigated

through the state courts (and arrive here [at the Supreme Court]) prior to its expiration." *Turner*,

131 S. Ct. at 2515 (internal citations omitted).  It is not sufficient for the case to be tried on the

merits merely at the district court, which itself could not be accomplished before mailing in

2014. Moreover, while the maximum time for an action to evade review has not been

conclusively set, it is at least a full year, the time at issue in *Turner*:

> Our precedent makes clear that the "challenged action," Turner's
> imprisonment for up to 12 months, is "in its duration too short to
> be fully litigated" through the state courts (and arrive here) prior to
> its "expiration."

*Id.* (citation omitted) (emphasis added);  *see, e.g., First Nat. Bank of Boston v. Bellotti*, 435 U.S.

765, 774 (1978) (18–month period too short);  *S. Pac. Terminal Co. v. Interstate Commerce

Comm'n*, 219 U.S. 498, 514-16 (1911) (2–year period too short) (emphasis added);  *see also

Diop*, 656 F.3d at 227 ("Diop's detention …was less than the two years the Supreme Court has

found to be too short to be fully litigated in other contexts") (citing *Turner*, 131 S. Ct. at 2514-

15).

     In this case, an action to prevent Wal-Mart from excluding the Proposal will necessarily

be "in its duration too short to be fully litigated," whatever the relevant timeframe and whenever

an action is filed. There is certainly not sufficient time if an action is filed after the Division

determines whether to grant no-action relief again, which is the date on which a shareholder

knows for certain whether a Company will exclude its proposal. Such a decision is made during

a period of no-action relief backlogs and there is no set decision date. *See Amalgamated

Clothing & Textile Workers Union v. Wal-Mart Stores, Inc.*, 821 F. Supp. 877, 885 (S.D.N.Y.

1993), *aff'd*, 54 F.3d 69 (2d Cir. 1995). This year the Division provided no-action relief to Wal-

Mart on March 20, 2014, a mere thirty-three days before Wal-Mart filed its proxy. On the facts

of this case, thirty-three days was not even sufficient time to have a full hearing on the merits.

Apr. 11, 2014 Hr'g Tr. at 45 ("[O]ne hopes that if the case proceeds, I'll at least have more time

to reflect further on the argument.").

Equally, there is not sufficient time to litigate if an action is filed on the date the Company seeks no action relief. A company must seek no-action relief eighty days before the release of its proxy statement. 17 C.F.R. § 240.14a–8(j). This is the first date a company indicates its intention to exclude the shareholder proposal. In this case, Wal-Mart filed its No-Action Request on January 30, 2014, only 83 days before the filing of its proxy, and less time than is allowed even for dispositive motions in the present action.

Finally, even if it were possible to file a proposal the day after Wal-Mart's annual meeting and even if Wal-Mart rejected it immediately without again seeking no action relief, if the case becomes moot when proxy materials are mailed, this would still allow insufficient time for a hearing on the merits and appropriate appellate procedures, as the Supreme Court held in *Turner*. In addition, according to Wal-Mart, such an action would not yet be ripe. Under Wal-Mart's mistaken view of the law, a shareholder could never fully litigate her proposal and a company could exclude such proposals with impunity by simply exploiting the short, but regularly repeated, schedule of its proxy season.

The three cases cited by Wal-Mart are inapposite and unavailing. Wal-Mart cites *Lindner v. Am. Express Co.*, No. 10 Civ. 2228 (JSR)(JLC), 2011 WL 2581745 (S.D.N.Y. June 27, 2011), a magistrate recommendation that ignores binding precedent. Rather than citing the just-issued decision in *Turner*, *Linder* relied on an outdated 1992 Second Circuit decision. *Id.* at *5. The magistrate recommended a finding of mootness without an explanation of how future actions could obtain a final determination by the district court judge (and an appellate decision) without encountering the same fate. *Id.*

Wal-Mart also relies on *N.Y. City Emps.' Ret. Sys. v. Dole Food Co.*, 969 F.2d 1430, 1434-35 (2d Cir. 1992), which addresses shareholder proposals in an inapplicable context. In

*Dole*, the district court had determined that Dole was required to include the proposal in its proxy materials. While appealing this order, Dole did not seek to stay the order and included the proposal in its proxy materials. The Second Circuit found that the "capable of repetition" element had been satisfied given that the plaintiffs and Dole would presumably face the same issue in the coming proxy season, but that the dispute did not "evade review" because Dole had complied with the district judge's order mandating inclusion of the shareholder proposal in its proxy without "even seek[ing] a stay pending appeal," explaining that such an application would have preserved the issue for appeal and ensured that the matter did not evade review. *Id.* at 1435. Wal-Mart notably omits this reasoning from the quoted language in its brief, even though the court's view that "[w]here prompt application for a stay pending appeal can preserve an issue for appeal, the issue is not one that will evade review" was central to its decision. *Id.* (quoting *Headwaters, Inc. v. Bureau of Land Mgmt.*, 893 F.2d 1012, 1016 (9th Cir.1989)). *Dole* relied on a point of appellate procedure that simply is inapplicable here. Trinity cannot fully litigate this dispute to a conclusion on the merits, nor does it have any opportunity to appeal or seek a stay. *Dole* also took an extremely narrow view of the time period for full litigation, which is anachronistic in light of *Turner*.

Finally, Wal-Mart cites *Cnty. of Morris v. Nationalist Movement*, 273 F.3d 527 (3d Cir. 2001), an appeal from a district court determination respecting the constitutionality of restrictions on an independence day parade and county policies posing restrictions on such marches. The appeal was largely decided on the basis that future circumstances of the parades would be different and thus the events were not capable of repetition. *Id.* at 534 (in a future lawsuit the parties may "develop a record reflective of the particular circumstances attendant on that dispute"). This is not an issue here. Moreover, the case predates *Turner* and the Third

Circuit did not consider the time for an appeal.

A more appropriate case is one that Wal-Mart sought to distinguish. In *Am. Fed'n of State Cnty. & Mun. Emps. v. Am. Int'l Grp., Inc.*, 462 F.3d 121, 129-31 (2d Cir. 2006) ("*AIG*"), the Second Circuit determined that both the Division and the district court had erred in determining that the company could exclude the relevant proposal from proxy materials for a spring 2005 annual meeting. At the time the appeal was decided on the merits, in September 2006, fourteen months had passed since the relevant meeting. Wal-Mart argues that this decision is irrelevant because the defendant did not attempt to dismiss the action for mootness. Op. Brief (D.I. 33) at 12 n.4. This happenstance is of no moment. As the Second Circuit has itself recognized, courts cannot hear a case if they lack subject matter jurisdiction and must dismiss a case *sua sponte* when it determines that such jurisdiction is lacking. *Fracasse v. People's United Bank*, 747 F.3d 141, 143 (2d Cir. 2014) (citing *Durant, Nichols, Houston, Hodgson & Cortese–Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir.2009) ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*.") The Second Circuit's decision on the merits shows that the Court considered that the meeting had been held. Subject matter jurisdiction existed in *AIG* and exists here because this matter cannot be fully litigated before a particular annual meeting.

*AIG* shows what is already clear from the procedural history in this case: considerations of the implications of Rule 14a-8 take time — more time than available in the rushed proxy season. If Trinity were to wait until next proxy season to submit a new Proposal, precisely the same difficulties would arise next year, with the same impossibility to litigate the issue fully. The question whether Wal-Mart may exclude the Proposal thus fits squarely within the capable of repetition yet evading review exception, and the Court may decide the merits. Otherwise, the

19

opportunity to do so will never arise.

## CONCLUSION

For the foregoing reasons, Wal-Mart's motion to dismiss the Amended Complaint should

be denied.

/s/ *Joel Friedlander*

Joel Friedlander (Bar No. 3163)
Christopher M. Foulds (Bar No. 5169)
FRIEDLANDER & GORRIS, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, Delaware 19801
(302) 573-3500

*Attorney for the Plaintiff Trinity Wall Street*

Dated:  June 23, 2014