IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TRINITY WALL STREET,

                    Plaintiff,

         v.

WAL-MART STORES, INC.,

                    Defendant.

C.A. No. 14-405 (LPS)

**DEFENDANT'S ANSWERING BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

OF COUNSEL:

Adam H. Offenhartz (*pro hac vice*)
Aric H. Wu (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Tel:  (212) 351-4000
aoffenhartz@gibsondunn.com
awu@gibsondunn.com

Dated:   July 11, 2014

Philip A. Rovner (#3215)
Matthew E. Fischer (#3092)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
Tel:  (302) 984-6000
provner@potteranderson.com
mfischer@potteranderson.com

*Attorneys for Defendant Wal-Mart Stores, Inc.*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ............................................................................................. ii

TABLE OF ABBREVIATIONS ...................................................................................... vi

INTRODUCTION ............................................................................................................1

STATEMENT OF FACTS ...............................................................................................1

   I.      Trinity's Proposal For Wal-Mart's 2014 Proxy Materials.............................1

   II.     The SEC Staff Concurs With Wal-Mart's View That Trinity's Proposal
          Is Excludable From The Company's 2014 Proxy Materials............................1

   III.    Trinity Files This Lawsuit And A Motion For A Preliminary Injunction ...................2

   IV.   The Court Denies Trinity's Motion For A Preliminary Injunction,
          And Wal-Mart Files Its 2014 Proxy Materials Without The Proposal .......................2

   V.     In Response To Wal-Mart's Motion To Dismiss The Complaint,
          Trinity Files An Amended Complaint ...............................................................3

   VI.   Wal-Mart Files A Motion To Dismiss The Amended Complaint .................................3

   VII.  The Parties' Cross-Motions For Summary Judgment....................................3

SUMMARY OF ARGUMENT .........................................................................................4

ARGUMENT ....................................................................................................................4

   I.      Trinity's Proposal Is Excludable Pursuant To SEC Rule 14a-8(i)(7)...........................4

         A.    The SEC Staff's No-Action Letter Is "Persuasive" Authority............................5

         B.    The Underlying Subject Matter Of Trinity's Proposal Relates
              To An Area Of Wal-Mart's Ordinary Business Operations ................................9

         C.    Trinity's Proposal Does Not Focus On A Significant Policy Issue...................14

   II.     Trinity's Proposal Is Excludable Pursuant To SEC Rule 14a-8(i)(3).........................18

   III.   Trinity Does Not, And Cannot, Satisfy The Requirements For Injunctive Relief.......18

CONCLUSION...............................................................................................................20

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Amalgamated Clothing and Textile Workers Union v. Wal-Mart Stores, Inc.,*
821 F. Supp. 877 (S.D.N.Y. 1993) ................................................................. 10, 19

*Apache Corp. v. N.Y.C. Emps.' Ret. Sys.,*
621 F. Supp. 2d 444 (S.D. Tex. 2008) ............................................................. 6, 15

*Austin v. Consol. Edison Co.,*
788 F. Supp. 192 (S.D.N.Y. 1992) .................................................................. 6, 10

*Belden Techs. Inc. v. Superior Essex Commc'ns LP,*
802 F. Supp. 2d 555 (D. Del. 2011) ..................................................................... 19

*CA, Inc. v. AFSCME Emps. Pension Plan,*
953 A.2d 227 (Del. 2008) ........................................................................................ 7

*Donoghue v. Accenture LTD.,*
No. 03-cv-8329NRB, 2004 WL 1823448 (S.D.N.Y. Aug. 16, 2004) ...................... 6

*Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.,*
847 F.2d 100 (3d Cir. 1988) .................................................................................. 19

*Grimes v. Centerior Energy Corp.,*
909 F.2d 529 (D.C. Cir. 1990) ........................................................................ 16, 20

*Lindner v. Am. Express Co.,*
No. 10-cv-2228, 2011 WL 2581745 (S.D.N.Y. June 27, 2011) .............................. 6

*Morrison v. Madison Dearborn Capital Partners III L.P.,*
463 F.3d 312 (3d Cir. 2006) .................................................................................. 13

*S & D Trading Academy, LLC v. AAFIS Inc.,*
336 F. App'x 443 (5th Cir. 2009) ............................................................................ 5

*Snyder v. Millersville Univ,*
No. 07-1660, 2008 WL 5093140 (E.D. Pa. Dec. 3, 2008) ..................................... 18

### Rules & Statutes

17 C.F.R. § 202.1(d) ................................................................................................ 6, 7

17 C.F.R. § 240.14a-8 ....................................................................................... 3, 6, 19

17 C.F.R. § 240.14a-8(i)(3) ........................................................................... 1, 4, 18, 19

17 C.F.R. § 240.14a-8(i)(7) .............................................................................. *passim*

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

17 C.F.R. § 240.14a-8(j) ................................................................................................ 1

Fed. R. Civ. P. 12(b)(1) ................................................................................... 1, 3, 4, 18

**SEC Releases and SEC Staff Bulletins**

SEC Release No. 34-12599,
 1976 WL 160411 (July 7, 1976) ...................................................................... 8

SEC Release No. 34-12999,
 1976 WL 160347 (Nov. 22, 1976) .................................................................. 13

SEC Release No. 34-20091,
 1983 WL 33272 (Aug. 16, 1983) .................................................................... 13

SEC Release No. 34-39093,
 1997 WL 578696 (Sept. 18, 1997) .................................................................. 13

SEC Release No. 34-40018,
 1998 WL 254809 (May 21, 1998) ........................................................... 9, 13, 15

SEC Release No. 33-9089,
 2009 WL 4857389 (Dec. 16, 2009) ................................................................ 12

Staff Legal Bulletin No. 14E,
 2009 WL 4363205 (Oct. 27, 2009) ............................................................ 11, 17

**SEC No-Action Letters**

*Amazon.com, Inc.,*
 2013 WL 326335 (Mar. 20, 2013) .................................................................... 9

*Apache Corp.,*
 2008 WL 615894 (Mar. 5, 2008) .................................................................... 16

*Bank of Am. Corp.,*
 2013 WL 1195299 (Mar. 11, 2013) ................................................................ 14

*Career Educ. Corp.,*
 2013 WL 1305572 (Mar. 18, 2013) .................................................................. 8

*Cent. Fed. Corp.,*
 2010 WL 943083 (Mar. 8, 2010) .................................................................... 16

*Citigroup Inc.,*
 2008 WL 524150 (Feb. 21, 2008) ................................................................... 14

# TABLE OF AUTHORITIES
## (Continued)

**Page(s)**

*Citigroup Inc.,*
   2012 WL 6723109 (Feb. 15, 2013)........................................................................... 12

*Corrections Corp. of Am.,*
   2011 WL 6837534 (Feb. 20, 2012 ........................................................................... 12

*Denny's Corp.,*
   2009 WL 772857 (Mar. 17, 2009)........................................................................... 14

*Dillard's Inc.,*
   2000 WL 382060 (Apr. 3, 2000) ............................................................................... 8

*Dillard's, Inc.,*
   2012 WL 173764 (Feb. 27, 2012)........................................................................... 17

*Family Dollar Stores, Inc.,*
   2007 WL 3317923 (Nov. 6, 2007)....................................................................... 9, 10

*Gen. Elec. Co.,*
   2010 WL 5067922 (Jan. 7, 2011) ........................................................................... 10

*Gen. Elec. Co.,*
   2012 WL 272127 (Jan. 25, 2012) ............................................................................. 9

*JPMorgan Chase & Co.,*
   2010 WL 147293 (Mar. 12, 2010)........................................................................... 16

*Loews Corp.,*
   2006 WL 760438 (Mar. 22, 2006)............................................................................. 8

*Marriott Int'l, Inc.,*
   2010 WL 197267 (Mar. 17, 2010)............................................................................. 9

*Mattel, Inc.,*
   2012 WL 483197 (Feb. 10, 2012)........................................................................... 16

*Motorola, Inc.,*
   2002 WL 480349 (Mar. 8, 2002)............................................................................. 12

*Newmont Mining Corp.,*
   2007 WL 403867 (Feb. 5, 2007)............................................................................. 14

*PepsiCo, Inc.,*
   2012 WL 542708 (Feb. 16, 2012)........................................................................... 11

*PetSmart, Inc.,*
   2011 WL 528414 (Mar. 24, 2011)........................................................................... 16

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*Philip Morris Cos. Inc.,*
   1990 WL 286063 (Feb. 22, 1990)........................................................................ 17

*Rite Aid Corp.,*
   2009 WL 829472 (Mar. 26, 2009)........................................................................ 17

*Sempra Energy,*
   2011 WL 6425347 (Jan. 12, 2012) ....................................................................... 14

*Sturm, Ruger & Co.,*
   2001 WL 258493 (Mar. 5, 2001).......................................................................... 17

*The Home Depot, Inc.,*
   2008 WL 257307 (Jan. 25, 2008) ...................................................................... 9, 10

*The Western Union Co.,*
   2011 WL 916163 (Mar. 14, 2011)..................................................................... 11, 14

*Walgreen Co.,*
   1997 WL 599903 (Sept. 29, 1997) ....................................................................... 17

*Walgreen Co.,*
   2006 WL 5381376 (Oct. 13, 2006) ..................................................................... 9, 10

*Wal-Mart Stores, Inc.,*
   2001 WL 253625 (Mar. 9, 2001).......................................................................... 17

*Wal-Mart Stores, Inc.,*
   2008 WL 5622715 (Feb. 27, 2008)..................................................................... 9, 10

*Walt Disney Co.,*
   2010 WL 4312760 (Dec. 22, 2010) ....................................................................... 10

*Wyeth,*
   2005 WL 326905 (Feb. 8, 2005)........................................................................... 14

### Treatises

Keir D. Gumbs and Neel Maitra, "Shareholder Proposals,"
   83-3rd Corp. Prac. Ser. (BNA) (2014).................................................................. 6, 8

## TABLE OF ABBREVIATIONS

| | |
|---|---|
| **1934 Act** | Securities Exchange Act of 1934, as amended |
| **4/11/14 Tr.** | Transcript of April 11, 2014 Hearing on Trinity Wall Street's Motion for a Preliminary Injunction and Temporary Restraining Order |
| **Bylaws** | Wal-Mart's Amended and Restated Bylaws |
| **Commission** | U.S. Securities and Exchange Commission |
| **Company** | Defendant Wal-Mart Stores, Inc. |
| **Cross Decl.** | Declaration of Meredith B. Cross, dated July 11, 2014 |
| **Defendant** | Wal-Mart Stores, Inc. |
| **Emergency Relief Motion** | Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order, dated April 1, 2014 (D.I. 1-3). |
| **(Ex. _)** | Exhibit to the Fischer Declaration |
| **Fischer Declaration** | Declaration of Matthew E. Fischer, dated July 3, 2014 (D.I. 50) |
| **Plaintiff** | Trinity Wall Street |
| **Pl. Br.** | Plaintiff's Memorandum of Law in Support of its Motion for Summary Judgment, dated June 18, 2014 (D.I. 38) |
| **Proposal** | The shareholder proposal that Plaintiff Trinity Wall Street submitted to Defendant Wal-Mart Stores, Inc. on December 18, 2013 for inclusion in Wal-Mart's 2014 Proxy Materials |
| **Rule 14a-8** | 17 C.F.R. § 240.14a-8 |
| **SEC** | U.S. Securities and Exchange Commission |
| **Section 14(a)** | 15 U.S.C. § 78n(a) |
| **Trinity** | Plaintiff Trinity Wall Street |
| **Wal-Mart** | Defendant Wal-Mart Stores, Inc. |
| **Wu Decl.** | Declaration of Aric H. Wu, dated July 11, 2014 |

Defendant Wal-Mart Stores, Inc. respectfully submits this answering brief in opposition to Plaintiff Trinity Wall-Street's Motion for Summary Judgment.

## INTRODUCTION

As explained in Wal-Mart's pending Rule 12(b)(1) motion to dismiss, the Amended Complaint does not present a justiciable controversy.  Even if Wal-Mart's Rule 12(b)(1) motion is not granted in its entirety, Trinity's claims fail nonetheless because Trinity's Proposal was properly excluded from Wal-Mart's 2014 proxy materials, and would be properly excluded from Wal-Mart's 2015 proxy materials, pursuant to SEC Rule 14a-8(i)(7) and SEC Rule 14a-8(i)(3). Accordingly, the Court should deny Trinity's motion for summary judgment, grant Wal-Mart's cross-motion for summary judgment, and dismiss all of Trinity's claims.

## STATEMENT OF FACTS

**I.**     **Trinity's Proposal For Wal-Mart's 2014 Proxy Materials**

On December 18, 2013, Trinity submitted a shareholder proposal "for inclusion in Wal-Mart Stores, Inc.'s Notice of 2014 Annual Shareholders' Meeting and Proxy Statement."  (Ex. 1).  The Proposal would have asked Wal-Mart's Board of Directors to amend the Compensation, Nominating and Governance Committee's charter to provide for "oversight" concerning the "formulation and implementation" of "policies and standards that determine whether or not the Company should sell a product" that has "the substantial potential to impair the reputation of the Company," including products that endanger "public safety and well-being," or that are "offensive" to "family and community values."  (Ex. 2).

**II.**    **The SEC Staff Concurs With Wal-Mart's View That Trinity's Proposal Is Excludable From The Company's 2014 Proxy Materials**

On January 30, 2014, as required by SEC Rule 14a-8(j), 17 C.F.R. § 240.14a-8(j), Wal-Mart advised both Trinity and the SEC staff by letter that it intended to omit the Proposal from

the Company's 2014 proxy materials. (Ex. 3). Wal-Mart explained that "the Company may exclude the Proposal pursuant to Rule 14a-8(i)(7) because it deals with matters relating to the Company's ordinary business operations, specifically, decisions concerning the products offered for sale by the Company." (*Id.*). On February 4, 2014, Trinity requested that the SEC staff "deny the Company's request for no-action relief" and provided six-pages of "analysis" on why "the Proposal is not excludable." (Ex. 4).

On March 20, 2014, the SEC staff advised Wal-Mart that it concurred with the Company's view that Trinity's Proposal was excludable under Rule 14a-8(i)(7) and that it would not recommend an enforcement action against Wal-Mart if the Proposal were excluded. (Ex. 5).

## III.   **Trinity Files This Lawsuit And A Motion For A Preliminary Injunction**

On April 1, 2014, Trinity filed this lawsuit and an Emergency Relief Motion seeking to enjoin Wal-Mart from "printing, issuing, filing, mailing or otherwise transmitting its 2014 proxy materials without Plaintiff's December 18, 2013 shareholder proposal." (D.I. 1-1). The parties briefed the motion on an expedited schedule. (D.I. 11, 13).

## IV.   **The Court Denies Trinity's Motion For A Preliminary Injunction, And Wal-Mart Files Its 2014 Proxy Materials Without The Proposal**

On April 11, 2014, after hearing argument, the Court denied Trinity's Emergency Relief Motion because "plaintiff had not met its burden to show a likelihood of success on the merits." 4/11/14 Tr. at 42 (Ex. 6). Trinity did not appeal the Court's April 11, 2014 ruling.

On April 23, 2014, Wal-Mart filed its definitive proxy materials for the Company's 2014 annual meeting of shareholders with the SEC and made its 2014 proxy materials available to shareholders. (Ex. 7). The definitive proxy materials did not include Trinity's Proposal, but did include three Rule 14a-8 compliant proposals submitted by other shareholders. (*Id.*).

## V.     In Response To Wal-Mart's Motion To Dismiss The Complaint, Trinity Files An Amended Complaint

On May 6, 2014, Wal-Mart moved to dismiss the Complaint under Rule 12(b)(1) because it did not present a justiciable controversy.  (D.I. 26-28).  Trinity did not file an opposition to Wal-Mart's motion.  Instead, on May 19, 2014, Trinity filed an Amended Complaint.  (D.I. 32).

Count I of the Amended Complaint seeks a declaration that "Wal-Mart's decision to omit the Proposal from the 2014 Proxy Materials violated Section 14(a) of the 1934 Act and Rule 14a-8."  (*Id.* ¶ 56).  Although Trinity has not submitted any shareholder proposal for inclusion in Wal-Mart's 2015 proxy materials and has no intention to do so during the pendency of this action (*id.* ¶¶ 4, 40, 59), Count II seeks declaratory and injunctive relief for Wal-Mart's "reasonably anticipated 2015 violation of Section 14(a) and Rule 14a-8."  (*Id.* at 14-16).

## VI.    Wal-Mart Files A Motion To Dismiss The Amended Complaint

On June 5, 2014, Wal-Mart moved to dismiss the Amended Complaint under Rule 12(b)(1).  (D.I. 33-35).  In the motion, Wal-Mart explained that Count I of the Amended Complaint is moot and that Count II of the Amended Complaint is not ripe for adjudication.  On June 23, 2014, Plaintiff filed its opposition to Wal-Mart's motion to dismiss.  (D.I. 43).  On July 3, 2014, Wal-Mart filed its reply.  (D.I. 46).

## VII.   The Parties' Cross-Motions For Summary Judgment

At Trinity's insistence, all motions for summary judgment were due prior to the resolution of Wal-Mart's Rule 12(b)(1) motion.  (D.I. 21, ¶ 8; D.I. 31, ¶ 8).  On June 18, 2014, Plaintiff moved for summary judgment.  (D.I. 37-42).

Pursuant to the parties' so-ordered stipulation (D.I. 44), Wal-Mart cross-moved for summary judgment on July 3, 2014 (D.I. 47-49), and now files its opposition to Plaintiff's summary judgment motion.

## SUMMARY OF ARGUMENT

1.      If Wal-Mart's Rule 12(b)(1) motion is not granted in its entirety, Trinity's motion for summary judgment should be denied, and summary judgment should be granted in Wal-Mart's favor, because Trinity's Proposal is excludable from Wal-Mart's proxy materials pursuant to SEC Rule 14a-8(i)(7) and SEC Rule 14a-8(i)(3).  (*See infra* Argument § I-II).

2.      Summary judgment should be granted in Wal-Mart's favor on Trinity's request for injunctive relief compelling Wal-Mart to include the Proposal in the Company's 2015 proxy materials because Trinity does not, and cannot, satisfy the requirements for injunctive relief. (*See infra* Argument § III).

## ARGUMENT

As explained in Wal-Mart's pending Rule 12(b)(1) motion to dismiss, Count I of the Amended Complaint is moot, and Count II is not ripe for adjudication.  (D.I. 33-35, 46).  Even if Wal-Mart's Rule 12(b)(1) motion is not granted in its entirety, Trinity's claims fail nonetheless because Trinity's Proposal was properly excluded from Wal-Mart's 2014 proxy materials, and would be properly excluded from Wal-Mart's 2015 proxy materials, pursuant to SEC Rule 14a-8(i)(7) and SEC Rule 14a-8(i)(3).  Accordingly, the Court should deny Trinity's motion for summary judgment, grant Wal-Mart's cross-motion for summary judgment, and dismiss all of Trinity's claims.

## I.    **Trinity's Proposal Is Excludable Pursuant To SEC Rule 14a-8(i)(7)**

Under SEC Rule 14a-8(i)(7), an issuer may exclude a shareholder proposal that "deals with a matter relating to the company's ordinary business operations."  Here, Trinity's Proposal was excluded from Wal-Mart's 2014 proxy materials pursuant to Rule 14a-8(i)(7) following (i) the SEC staff's March 20, 2014 no-action letter (Ex. 5); (ii) this Court's April 11, 2014 ruling denying Trinity's Emergency Relief Motion based on its independent determination that

"Trinity's proposal deals with . . . the company's ordinary business operations" (Ex. 6 at 45); and

(iii) Trinity's decision not to appeal the Court's April 11, 2014 ruling.

In its March 20, 2014 no-action letter, the SEC staff concurred with the Company's view

that Trinity's Proposal was excludable under Rule 14a-8(i)(7) because it "relates to the products

and services offered for sale by the company." (Ex. 5). At the April 11, 2014 hearing on

Trinity's Emergency Relief Motion, this Court likewise noted that the Proposal relates to the

products that Wal-Mart "sells" on its shelves:

> The proposal also expressly and I think importantly states that the requested
> "oversight and/or reporting is intended to cover policies and standards that would be
> applicable [to] determining whether or not the company should sell guns equipped
> with magazines holding more than 10 rounds of ammunitions, high capacity
> magazines." And I tried to emphasize it's my added emphasis on "sell." . . .
>
> The Court does also agree with Wal-Mart that Trinity has not shown that the SEC
> staff's no action letter was erroneous. Because Trinity's proposal deals with the
> matter relating to the company's ordinary business operations, and that's the language
> of the exception, "deals with the matter relating to the company's ordinary business
> operations." Here, it relates to what Wal-Mart sells on its shelves.

(Ex. 6 at 43, 45).

Nothing has changed since the SEC staff concurred with Wal-Mart's view that Trinity's

Proposal was excludable and this Court found that Trinity was not likely to succeed on the merits

of its claims. Indeed, all of the arguments in Trinity's motion for summary judgment were

previously made to both the SEC staff and this Court. What was true before continues to be true

now – Trinity's Proposal is excludable pursuant to Rule 14a-8(i)(7).

## A.     The SEC Staff's No-Action Letter Is "Persuasive" Authority

Because all of Trinity's arguments as to why the Proposal is not excludable under Rule

14a-8(i)(7) were made to, and rejected by, the SEC staff, Trinity asks the Court to disregard the

SEC staff's March 20, 2014 no-action letter as "unpersuasive." *See* Pl. Br. at 17-20. That is not

the law. *See, e.g., S & D Trading Academy, LLC v. AAFIS, Inc.*, 336 F. App'x 443, 449 (5th Cir.

2009) (explaining that SEC staff no-action letters are "persuasive" authority); *Lindner v. Am. Express Co.*, 2011 WL 2581745, at *4 (S.D.N.Y. June 27, 2011) (same); *Austin v. Consol. Edison Co.*, 788 F. Supp. 192, 195 (S.D.N.Y. 1992) (same).

Indeed, courts have recognized that, although non-binding, SEC staff no-action letters are "entitled to careful consideration as 'represent[ing] the views of persons who are continuously working with the provisions of the statute involved.'" *Donoghue v. Accenture Ltd.*, 2004 WL 1823448, at *3 (S.D.N.Y. Aug. 16, 2004) (quoting 17 C.F.R. § 202.1(d)).  Moreover, as this Court explained at the April 11, 2014 hearing on Plaintiff's Emergency Relief Motion, "it is appropriate for the Court to accord some deference to the SEC given its expertise and again given particularly that all of the arguments that were made here have previously been made out in front of the SEC by both sides."  (Ex. 6 at 44).

Trinity's contention that the SEC staff performed "no analysis" of its Proposal (Pl. Br. at 3, 6) is wholly unfounded.  As the very authority on which Trinity purports to rely confirms, each shareholder proposal that satisfies Rule 14a-8's threshold procedural requirements is subject to multiple layers of review by the SEC staff.  *See Apache Corp. v. N.Y.C. Emps.' Ret. Sys.*, 621 F. Supp. 2d 444, 448 n. 3 (S.D. Tex. 2008) (cited in Pl. Br. at 19); *see also* Keir D. Gumbs and Neel Maitra, "Shareholder Proposals," 83-3rd Corp. Prac. Ser. (BNA), at 83.IV.B (2014) (Wu Decl. Ex. A) (describing multiple layers of attorney review by the SEC staff).

As explained in the accompanying Declaration of Meredith B. Cross, who has served in a number of capacities at the SEC's Division of Corporation Finance (the "Division"), including as Director and Chief Counsel, before the SEC staff makes a decision on a Rule 14a-8 no-action request submitted during the proxy season, there are typically at least *three* levels of attorney review by a "task force" dedicated to reviewing Rule 14a-8 no-action requests:

- *First*, an "examiner" analyzes the arguments and precedent cited by the parties and also conducts his or her own independent research of additional precedent, resulting in the examiner preparing a legal memorandum that explains his or her findings and recommendations.

- *Second*, a "manager" – a mid-level to senior attorney who has particular experience with SEC Rule 14a-8 – reviews the parties' arguments and precedent and the examiner's research and analysis, conducts additional research as needed and recommends whether to grant or deny the request, also stating his or her reasoning for the recommendation.

- *Third*, the "task force leader" – a senior attorney who has extensive SEC Rule 14a-8 experience – reviews the parties' arguments and precedent and the internal research and analysis, consults with others in the Division as appropriate, and renders a final decision on behalf of the Division.  The decision is then communicated to both the company seeking to exclude the shareholder proposal and the proponent of the shareholder proposal in the form of a written letter.

Cross Decl. ¶¶ 6-7.  In addition, the SEC staff "will generally present questions to the Commission  . . . where the issues are novel or highly complex," 17 C.F.R. § 202.1(d), and if circumstances warrant, it will request that the Commission certify to a court questions of law that are pertinent to the consideration of a no-action request.  *See CA, Inc. v. AFSCME Emps. Pension Plan*, 953 A.2d 227, 230 (Del. 2008).  Thus, contrary to Trinity's unsupported contentions, there is a robust process for the SEC staff's review of no-action requests.

Moreover, Trinity erroneously argues that the SEC staff's no-action letter here should be discounted because it stated that there was "some basis" for exclusion.  *See* Pl. Br. at 6, 19.  As explained in the Cross Declaration, the "some basis" language is the SEC staff's standard language for exclusion:

> The standard language used by the Division to indicate its concurrence in Rule 14a-8 no-action letters is the following:  "There appears to be some basis for your view that [insert company name] may exclude the proposal under rule 14a-8[insert specific provision] . . . .  Accordingly, we will not recommend enforcement action to the Commission if [insert company name] omits the proposal from its proxy materials in reliance on rule 14a-8[insert specific provision]."

Cross Decl. ¶ 9.  Tellingly, Trinity does not cite a single SEC staff letter granting no-action relief

where the "some basis" language is not used.[1]

Trinity inexplicably asserts that SEC staff no-action letters are "non-reviewable."  Pl. Br.

at 17.  As Wal-Mart has previously explained (D.I. 11 at 2 & n.3), Trinity could have sought the

SEC staff's reconsideration or asked for Commission review of the SEC staff's response.  *See*

SEC Release No. 34-12599, 1976 WL 160411, at *5 (July 7, 1976) (SEC staff will "act upon a

request for reconsideration" and forward requests for Commission review consistent with 17

C.F.R. § 202.1(d)); *Loews Corp.*, 2006 WL 760438, at *1 (Mar. 22, 2006) (granting

reconsideration of no-action letter); *Dillard's Inc.*, 2000 WL 382060 (Apr. 3, 2000) (same).

If Trinity truly believed that the SEC staff's March 20, 2014 no-action letter constituted

"arbitrary administrative conduct that is inconsistent with the Commission's own construction of

the Rule and its purpose" (Pl. Br. at 19), it could and should have sought reconsideration from

---

[1]   Trinity also mistakenly asserts that the SEC staff has issued conflicting decisions on the "exact same proposal . . . in the same proxy season."  (Ex. 6 at 36-38).  Indeed, the two SEC staff letters Trinity references evidence just how careful the SEC staff is in issuing its decisions.  In *DeVry, Inc.*, 2013 WL 3773979 (Sep. 6, 2013), the SEC staff granted no-action relief stating that "[t]here appears to be some basis for your view that DeVry may exclude the proposal under rule 14a-8(i)(7)."  *Id.* at *1. Had the SEC staff come to the opposite conclusion in *Career Educ. Corp.*, 2013 WL 1305572 (Mar. 18, 2013), it would have stated that it was "unable to concur" that the company could exclude the proposal.  *See* Cross Decl. ¶ 11.  But it did not.  Instead, the SEC staff stated that it was "unable to conclude that CEC has *met its burden* of establishing that it may exclude the proposal under rule 14a-8(i)(7)," 2013 WL 1305572, at *1 (emphasis supplied), the standard  language that the SEC staff uses to signal that "a proposal is likely excludable but that the company, which bears the burden of persuasion under Rule 14a-8, failed to satisfy its burden by citing the applicable no-action precedent or otherwise making the 'winning' argument in its no-action request."  Cross Decl. ¶ 12.

What Trinity fails to appreciate, and what is clear from the face of the no-action requests, is that the issuers in *DeVry* and *Career Eduation* did not cite the same no-action precedent and did not make the same arguments.  *See also* Keir D. Gumbs and Neel Maitra, "Shareholder Proposals," 83-3rd Corp. Prac. Ser. (BNA), at 83.IV.D.2 (2014) (Wu Decl. Ex. B) (explaining that the SEC staff has "denied relief on burden grounds where the issuer invoked an appropriate basis for exclusion but failed to make an argument that would otherwise provide a basis for relief").

the SEC staff or review by the Commission.  Trinity did neither, and its failure to do so belies its contention that the SEC staff acted arbitrarily.

### B.     The Underlying Subject Matter Of Trinity's Proposal Relates To An Area Of Wal-Mart's Ordinary Business Operations

As the SEC has explained, a shareholder proposal is excludable under Rule 14a-8(i)(7) if it either (i) relates to an area of the company's ordinary business operations, such as "decisions on production quality and quantity," "the retention of suppliers," or "management of the workforce"; or (ii) seeks to 'micro-manage' the company by probing too deeply into matters of a complex nature . . . such as where the proposal involves intricate detail, or seeks to impose specific time-frames or methods for implementing complex policies."  SEC Release No. 34-40018, 1998 WL 254809, at *4-5 (May 21, 1998) ("1998 Adopting Release").

These are alternative grounds for exclusion.  Thus, if the SEC staff concurs with an issuer's view that a proposal is excludable under Rule 14a-8(i)(7), it specifies the ground on which it is concurring.  In this regard, Trinity mischaracterizes a number of no-action letters Wal-Mart cited, claiming that the proposals at issue "attempt to micro-manage the company." Pl. Br. at 14 n.4.  When the SEC staff concurs on micro-management grounds, it says so.[2]  None of the SEC no-action letters Trinity tries to distinguish as involving proposals that "attempt to micro-manage the company" breathes a word about micro-management.[3]

Here, the SEC staff concurred in the exclusion of Trinity's Proposal under Rule 14a-8(i)(7) because "the proposal relates to the products and services offered for sale by the

---

[2]   *See*, *e.g.*, *Amazon.com, Inc.*, 2013 WL 326335, at *1 (Mar. 20, 2013); *Gen. Elec. Co.*, 2012 WL 272127, at *1 (Jan. 25, 2012); *Marriott Int'l, Inc.*, 2010 WL 197267, at *1 (Mar. 17, 2010).

[3]   *See* Pl. Br. at 14 n.4 (mischaracterizing *The Home Depot, Inc.*, 2008 WL 257307 (Jan. 25, 2008); *Family Dollar Stores, Inc.*, 2007 WL 3317923 (Nov. 6, 2007); *Walgreen Co.*, 2006 WL 5381376 (Oct. 13, 2006); *Wal-Mart Stores, Inc.*, 2008 WL 5622715 (Feb. 27, 2008)).

company." (Ex. 5).  The SEC staff's concurrence was not surprising.  Consistent with SEC

guidance, the SEC staff has repeatedly concurred in the exclusion of shareholder proposals that

relate to decisions by retailers concerning the sale of products.[4]  *See, e.g.*, *Gen. Elec. Co.*, 2010

WL 5067922, at *1 (Jan. 7, 2011) (granting no-action relief because "the proposal appears to

relate to the emphasis that the company places on the various products and services it offers for

sale"); *Walt Disney Co.*, 2010 WL 4312760, at *1 (Dec. 22, 2010) (granting no-action relief

because "the proposal relates to the policies and procedures regarding the products and services

that the company offers"); *Wal-Mart Stores, Inc.*, 2008 WL 5622715, at *1, 6-7 (Feb. 27, 2008)

(granting no-action relief where proposal requested a board report summarizing "which, if any,

product lines and categories sold in Wal-Mart stores may be affected by . . . product safety

concerns" and "options for new initiatives . . . to respond to this public policy challenge"); *The*

*Home Depot, Inc.*, 2008 WL 257307, at *1 (Jan. 25, 2008) (granting no-action relief because

proposal "relat[es] to [the issuer's] ordinary business operations (*i.e.*, sale of particular

products)"); *Family Dollar Stores, Inc.*, 2007 WL 3317923, at *1 (Nov. 6, 2007) (same);

*Walgreen Co.*, 2006 WL 5381376, at *1 (Oct. 13, 2006) (same).

Trinity misguidedly argues that the "actual subject matter" of the Proposal is "corporate

governance, not the sale of products" (D.I. 13 at 2) because the Proposal is designed to improve

"Board oversight" of "reputational risks."  Pl. Br. at 14.  Although the SEC staff has noted "the

---

[4]   Thus, this case is unlike *Amalgamated Clothing and Textile Workers Union v. Wal-Mart Stores, Inc.*,
821 F. Supp. 877 (S.D.N.Y. 1993), where the district court was confronted with inconsistent
treatment of shareholder proposals, and questions by the SEC about the SEC staff's no-action letters,
in the employment-related context.  *Id.* at 886-92.  There has been no such inconsistent treatment in
the retail context.  *See Austin*, 788 F. Supp. at 195 (relying on "SEC's long record of no-action letters
on the precise subject at issue here").

widespread recognition that the board's role in the oversight of a company's management of risk is a significant policy matter," it also made clear in the very same document that:

> [R]ather than focusing on whether a proposal and supporting statement relate to the company engaging in an evaluation of risk, we will instead focus on the subject matter to which the risk pertains or that gives rise to the risk.  The fact that a proposal would require an evaluation of risk will not be dispositive of whether the proposal may be excluded under Rule 14a-8(i)(7). . . .  [W]e will consider whether the underlying subject matter of the risk evaluation involves a matter of ordinary business to the company. . . .   [I]n those cases in which a proposal's underlying subject matter involves an ordinary business matter to the company, the proposal generally will be excludable under Rule 14a-8(i)(7).

Staff Legal Bulletin No. 14E, 2009 WL 4363205, at *2 (Oct. 27, 2009) ("SLB 14E") (cited in Pl. Br. at 12, 16).

The SEC staff has denied no-action relief for shareholder proposals that have focused on the board's structural role in overseeing risk generally, but has granted no-action relief where a proposal addressed particular risks relating to the company's ordinary business, even where the proposal sought action by the board of directors.[5]

Because SLB 14E and its provisions regarding "the board's role in the oversight of a company's management of risk" were issued contemporaneously with the proposal and adoption of SEC disclosure requirements regarding "[b]oard leadership structure and role in risk oversight," the SEC's guidance on that disclosure requirement is instructive in understanding

---

[5]   *Compare, e.g.*, *PepsiCo, Inc.*, 2012 WL 542708, at *1 (Feb. 16, 2012) (denying no-action relief where proposal requested that the company establish a risk oversight committee of the board of directors, and noting that "the proposal focuses on the significant policy issue of the board's role in the oversight of the company's management of risk"), *with The Western Union Co.*, 2011 WL 916163, at *1 (Mar. 14, 2011) (granting no-action relief where proposal requested that the company establish a risk committee on its board of directors and asked that the committee report on how particular risks were being addressed because "although the proposal requests the establishment of a risk committee, which is a matter that focuses on the board's role in the oversight of Western Union's management of risk, the proposal also requests a report that describes how Western Union monitors and controls particular risks," and "the underlying subject matters of these risks appear to involve ordinary business matters").

SLB 14E's reference to "the board's role."  In describing the disclosure requirement, the SEC made clear that "the board's role" referred to structural aspects of overseeing risk, as opposed to the actions the board took to mitigate particular risks:

> The final rules also require companies to describe the board's role in the oversight of risk. . . .  This disclosure requirement gives companies the flexibility to describe how the board administers its risk oversight function, such as through the whole board, or through a separate risk committee or the audit committee, for example.  Where relevant, companies may want to address whether the individuals who supervise the day-to-day risk management responsibilities report directly to the board as a whole or to a board committee . . . .

SEC Release No. 33-9089, 2009 WL 4857389, at *20 (Dec. 16, 2009).

Here, Trinity's Proposal does not focus on structural aspects of corporate governance or risk management.  Rather, the Proposal addresses a specific subject matter that is an area of the Company's ordinary business and prescribes a course of action that a committee of Wal-Mart's Board of Directors is to take.  Indeed, as made clear by the express statement in the Proposal that the contemplated "oversight" concerns the "policies and standards that determine whether or not the Company should sell" certain products (Ex. 2),  the "underlying subject matter" of Trinity's Proposal is the sale of various types of products, which implicates the ordinary day-to-day business and operations of Wal-Mart.[6]

---

[6]  By contrast, the proposal in *Citigroup Inc.*, 2012 WL 6723109 (Feb. 15, 2013), addressed a corporate governance matter (director indemnification), without additionally delving into the ordinary business operations of the company.  Similarly, the proposal in *Motorola, Inc.*, 2002 WL 480349 (Mar. 8, 2002), addressed the board's role in the development of the company's long-term strategic plan and did not prescribe specific actions that the board should take regarding any area of the company's ordinary business operations (such as the products it sold).

Trinity completely misconstrues *Corrections Corp. of Am.*, 2011 WL 6837534 (Feb. 20, 2012). There, the SEC staff did not state that it was "unable to concur" with the issuer's view that the proposal was excludable under Rule 14a-8(i)(7), but instead stated that it was "unable to conclude that [the issuer] has met its burden," the standard  language that the SEC staff uses to signal that "a proposal is likely excludable but that the company . . . failed to satisfy its burden by citing the applicable no-action precedent or otherwise making the 'winning' argument."  Cross Decl. ¶ 12.

In arguing that the Proposal does not relate to Wal-Mart's ordinary business operations because it "requests engagement . . . at the Board level" (Pl. Br. at 15) and "leaves the sale of products completely within the discretion of management" (D.I. 2 at 16), Trinity ignores that the purpose of Rule 14a-8(i)(7) is to "confine the resolution of ordinary business problems to management *and the board of directors*."  1998 Adopting Release, 1998 WL 254809, at *4 (emphasis supplied); *see also* SEC Release No. 34-39093, 1997 WL 578696, at *4 (Sept. 18, 1997) (ordinary business exclusion is based on "spheres of authority for the board of directors on one hand, and the company's shareholders on the other").

Indeed, nearly 40 years ago, the SEC *rejected* a proposed standard under which "matters that would be handled by management personnel without referral to the board of directors generally would be excludable . . . but matters that would require action by the board would not be."  SEC Release No. 34-12598, 1976 WL 160410, at *8 (July 7, 1976); SEC Release No. 34-12999, 1976 WL 160347, at *11 (Nov. 22, 1976) ("1976 Adopting Release").

A shareholder cannot avoid exclusion by styling its proposal to request board action, rather than management action.  Instead, as the SEC has made clear, it is the subject matter of a shareholder proposal, not the form of requested action, that is dispositive in determining whether a proposal is excludable under Rule 14a-8(i)(7).  *See* 1976 Adopting Release, 1976 WL 160347, at *11; SEC Release No. 34-20091, 1983 WL 33272, at *7 (Aug. 16, 1983) (shareholder cannot avoid exclusion by having a proposal recommend that a committee be formed because it "raises form over substance and renders the provisions of [Rule 14a-8(i)(7)] largely a nullity").  The SEC's interpretation of its own regulations "must be given controlling weight."  *Morrison v. Madison Dearborn*, 463 F.3d 312, 315 (3d Cir. 2006).

Because the "underlying subject matter" of Trinity's Proposal is, as this Court put it, "what Wal-Mart sells on its shelves" (Ex. 6 at 45), Trinity's Proposal was properly excluded from Wal-Mart's 2014 proxy materials.  *See Sempra Energy*, 2011 WL 6425347, at *1 (Jan. 12, 2012) (granting no-action relief where shareholder proposal asked board to review company's management of risks posed by operations in certain countries because "although the proposal requests the board to conduct an independent oversight review of . . . management of particular risks, the underlying subject matter of these risks appears to involve ordinary business matters"); *The Western Union Co.*, 2011 WL 916163, at *1 (Mar. 4, 2011) (granting no-action relief where shareholder proposal asked issuer to establish a risk committee on its board of directors and asked that the committee report on how particular risks were being addressed because "the underlying subject matters of these risks appear to involve ordinary business matters").[7]

### C.    Trinity's Proposal Does Not Focus On A Significant Policy Issue

Trinity's Proposal was also properly excluded from Wal-Mart's 2014 proxy materials pursuant to SEC Rule 14a-8(i)(7) because it does not focus on a significant policy issue.  As the SEC has explained, a shareholder proposal "relating to [ordinary business] matters but *focusing* on sufficiently significant social policy issues (*e.g.*, significant discrimination matters) generally

---

[7]    Trinity mistakenly relies on SEC staff no-action letters in which the proposal at issue was focused on a significant policy issue and did not also address ordinary business matters such as the products that a retailer chooses to sell.  *See, e.g., Denny's Corp.*, 2009 WL 772857 (Mar. 17, 2009) (animal welfare); *Citigroup Inc.*, 2008 WL 524150 (Feb. 21, 2008) (human rights); *Newmont Mining Corp.*, 2007 WL 403867 (Feb. 5, 2007) (environmental damage); *Wyeth*, 2005 WL 326905 (Feb. 8, 2005) (animal welfare).

These and the other SEC staff no-action letters cited by Trinity underscore that a proposal's subject matter is determined by its substance, not its form.  For example, in *Bank of America Corp.*, 2013 WL 1195299 (Mar. 11, 2013), the proposal requested that the board conduct a review of the company's internal controls relating to mortgage servicing and foreclosure practices.  The SEC staff denied no-action relief not because the proposal was a "corporate governance" proposal by virtue of its request for a board review, but because the proposal "focus[ed] primarily on the significant policy issue of widespread deficiencies in the foreclosure and modification processes for real estate loans."  *Id.* at *1.

would not be considered to be excludable" because it would "transcend the day-to-day business matters and raise policy issues so significant that it would be appropriate for a shareholder vote." 1998 Adopting Release, 1998 WL 254809, at *4 (emphasis supplied).  By contrast, a shareholder proposal that touches upon, but does not focus on, a significant policy issue is excludable.  *See Apache*, 621 F. Supp. 2d at 452-53 (holding that exclusion was proper even though proposal sought to prohibit employment discrimination because it also sought to have principles that were unrelated to employment discrimination incorporated into the company's "ordinary business matters," including its marketing and selling of goods).  Indeed, "[t]o read the [SEC's] guidance as directing proper exclusion of shareholder proposals only when those proposals do not implicate a significant social policy would make much of the [SEC's] statement[s] [in the 1998 Adopting Release] superfluous."  *Id.* at 451.

Here, Trinity's Proposal does not focus on a significant policy issue for at least three independent reasons.  *First*, Trinity's counsel has effectively conceded that the Proposal does not focus on a significant policy issue because, to the extent it deals with guns, it deals with "guns on the shelves," not "guns in society."  (Ex. 6 at 4).

*Second*, regardless of whether the Proposal deals with "guns on the shelves" or "guns in society," Trinity concedes that "the Proposal is not directed solely to Wal-Mart's sale of guns," but instead addresses "broader, systemic considerations."  Pl. Br. at 17.  Indeed, rather than "focusing" on guns, the Proposal addresses three categories of products that are significantly broader – *i.e.,* (i) products that endanger "public safety" or "well-being"; (ii) products that have the "potential to impair the reputation of the Company;" and (iii) products that are "offensive" to "family and community values."  (Ex. 2).  Thus, as discussed at the April 11, 2014 hearing, the Proposal could cover many products, especially in light of the multitude of products the

Company offers, including products as diverse as movies, books, magazines, cosmetics, clothing, cigarettes, food products, and pharmaceutical products.  (Ex. 6 at 29-30).

Where, as here, a proposal extends beyond a purported significant policy issue, exclusion is proper.[8]  For example, in *Mattel, Inc.*, 2012 WL 483197 (Feb. 10, 2012), the proposal asked the board to require the company's suppliers to report on their compliance with a third-party code of business practices.  The SEC staff concurred that the proposal could be excluded because the code "has a broad scope that covers several topics that relate to the Company's ordinary business operations and are not significant policy issues."  *Id.* at *1.  In *PetSmart, Inc.*, 2011 WL 528414 (Mar. 24, 2011), the proposal at issue requested that the board require its suppliers to certify they had not violated "the Animal Welfare Act, the Lacey Act, or any state law equivalents."  The SEC staff granted no-action relief under Rule 14a-8(i)(7) and stated: "Although the humane treatment of animals is a significant policy issue, we note your view that the scope of the laws covered by the proposal is 'fairly broad in nature from serious violations such as animal abuse to violations of administrative matters such as record keeping.'"  *Id.* at *1; *see also JPMorgan Chase & Co.*, 2010 WL 147293, at *1 (Mar. 12, 2010) (concurring with exclusion of proposal that addressed "matters beyond the environmental impact of JPMorgan Chase's project finance decisions"); *Cent. Fed. Corp.*, 2010 WL 943083, at *1 (Mar. 8, 2010) (concurring with exclusion of proposal because it "relate[d] to both extraordinary transactions and non-extraordinary transactions"); *Apache Corp.*, 2008 WL 615894, at *1 (Mar. 5, 2008) (concurring with exclusion of proposal ostensibly dealing with employment discrimination

---

[8]  *Grimes v. Centerior Energy Corp.*, 909 F.2d 529 (D.C. Cir. 1990) (cited in Pl. Br. at 10-12) underscores this point.  There, the D.C. Circuit held that the shareholder proposal at issue was excludable because it was "*not limited in reach*" to those capital expenditure decisions involving substantial policy considerations . . . but *potentially extends* to capital expenditures of any kind."  *Id.* at 532 (emphasis supplied).

because "some of the principles [in the proposal] relate to Apache's ordinary business operations").

*Third*, even if the Proposal were somehow construed, despite its broad wording, as "focusing" on "guns in society" rather than "guns on the shelves," Wal-Mart, as a retailer, does not have a "sufficient nexus" to the firearms and related products that the Proposal references. *See* SLB 14E, 2009 WL 4363205, at *2 (explaining that a shareholder proposal focusing on a significant policy issue "generally will not be excludable under Rule 14a-8(i)(7) *as long as a sufficient nexus exists between the nature of the proposal and the company*") (emphasis supplied). Indeed, although the SEC staff has denied the exclusion of proposals that relate to a manufacturer's products, it has repeatedly concurred in the exclusion of proposals that relate to a *retailer's* sale of even controversial products, including firearms and related products. *Compare Wal-Mart Stores, Inc.*, 2001 WL 253625, at *1 (Mar. 9, 2001) (concurring with the exclusion of a proposal that requested the retailer to stop selling "handguns and their accompanying ammunition"), *with Sturm, Ruger & Co.* 2001 WL 258493, at *1 (Mar. 5, 2001) (declining to concur in exclusion of proposal that requested the gun manufacturer provide a "report on company policies and procedures aimed at stemming the incidence of gun violence in the United States"); *compare also Walgreen Co.*, 1997 WL 599903, at *1 (Sept. 29, 1997) (concurring in retailer's exclusion of proposal to stop the sale of tobacco products), *with Philip Morris Cos. Inc.*, 1990 WL 286063, at *1 (Feb. 22, 1990) (declining to concur in exclusion of proposal that requested the manufacturer of tobacco products to cease "conduct[ing] . . . business in tobacco or tobacco products"); *see also Dillard's, Inc.*, 2012 WL 173764, at *15 (Feb. 27, 2012) (concurring in retailer's exclusion of proposal "to develop a plan . . . to phase out the sale of fur from raccoon dogs"); *Rite Aid Corp.*, 2009 WL 829472, at *1 (Mar. 26, 2009) (concurring in

retailer's exclusion of proposal requesting the board to report on the company's response to regulatory and public pressure to end the sale of tobacco products).

* * *

Because its "underlying subject matter" is "what Wal-Mart sells on its shelves" (Ex. 6 at 45) and because it does not focus on a significant policy issue, Trinity's Proposal was properly excluded from Wal-Mart's 2014 proxy materials pursuant to SEC Rule 14a-8(i)(7).

## II.   Trinity's Proposal Is Excludable Pursuant To SEC Rule 14a-8(i)(3)

Trinity mistakenly asserts that "Wal-Mart's sole argument for its right to exclude the Proposal is that it falls within . . . subdivision (i)(7) of Rule 14a-8." Pl. Br. at 2.  As explained in Wal-Mart's cross-motion for summary judgment, Trinity's Proposal is also excludable pursuant to SEC Rule 14a-8(i)(3).[9]  (D.I. 48 at 15-20).  Accordingly, this Court should deny Trinity's motion for summary judgment and dismiss all of Trinity's claims.

## III.   Trinity Does Not, And Cannot, Satisfy The Requirements For Injunctive Relief

Trinity seeks "[i]njunctive relief compelling Wal-Mart to include the Proposal in the 2015 Proxy Materials" (D.I. 32 at 16), but does not, and cannot, satisfy the requirements for injunctive relief.

*First*, as demonstrated in Sections I and II above and in Wal-Mart's cross-motion for summary judgment, Trinity cannot demonstrate "actual success on the merits of the underlying dispute."  *Snyder v. Millersville Univ.*, 2008 WL 5093140, at *11-16 (E.D. Pa. Dec. 3, 2008) (denying permanent injunction).

---

[9]   Because Wal-Mart's Rule 12(b)(1) motion is pending, no answer has been filed.  If the Rule 12(b)(1) motion is not granted in its entirety, Wal-Mart's answer would assert that the Proposal was properly excluded pursuant to both Rule 14a-8(i)(7) and Rule 14a-8(i)(3).

*Second*, there is no harm of any kind, where, as here, a non-binding, advisory proposal is properly excluded from a company's proxy materials under applicable SEC rules. Moreover, Trinity will not be irreparably harmed without injunctive relief. *See Belden Techs. Inc. v. Superior Essex Commc'ns LP*, 802 F. Supp. 2d 555, 578 (D. Del. 2011) (denying motion for permanent injunction because "irreparable harm has not been established").

Trinity can present its Proposal at Wal-Mart's 2015 annual meeting by submitting it in accordance with Wal-Mart's Bylaws (*see* Wu Decl. Ex. C, Art. II, § 5), and then distributing its own proxy materials soliciting votes for the Proposal. *See* 17 C.F.R. 240.14a-7(a); *Amalgamated Clothing and Textile Workers Union v. Wal-Mart Stores, Inc.*, 821 F. Supp. 877, 883 n.5 (S.D.N.Y. 1993) ("Shareholders seeking to communicate with fellow shareholders have another avenue for doing so, provided by Rule 14a-7."). Trinity, a sophisticated investor with over *$2 billion* in assets,[10] wishes to "avoid th[e] expense" of distributing its own proxy materials (Pl. Br. at 3), but monetary expenses that are incurred in the absence of an injunction do not constitute irreparable harm. *See Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F. 2d 100, 102-03 (3d Cir. 1988).

*Third*, both Wal-Mart and shareholders who submit proposals that are compliant with Rule 14a-8 will be harmed if Wal-Mart is compelled to include a Proposal that is so clearly excludable under SEC Rule 14a-8(i)(7) and SEC Rule 14a-8(i)(3). *See Belden*, 802 F. Supp. 2d at 578-79 (denying motion for permanent injunction where harm to defendants if injunction were issued would be greater than harm to plaintiffs if injunction were not issued).

---

[10]  *See* http://www.trinitywallstreet.org/blogs/news/2012-trinity-wall-street-financial-report.

*Fourth*, as the very authority upon which Trinity purports to rely confirms, requiring Wal-Mart to include a proposal that is excludable under SEC rules "would clearly subvert the purpose of the exemptions to Rule 14a-8," and be contrary to the public interest in proper enforcement of the securities laws.  *Grimes*, 909 F. 2d at 533.

<u>**CONCLUSION**</u>

For all these reasons, Wal-Mart respectfully requests that the Court deny Trinity's motion for summary judgment, grant Wal-Mart's cross-motion for summary judgment, dismiss with prejudice all of Trinity's claims against Wal-Mart, and grant such other and further relief as the Court deems appropriate.

OF COUNSEL:

Adam H. Offenhartz (*pro hac vice*)
Aric H. Wu (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166-0193
Tel:  (212) 351-4000
aoffenhartz@gibsondunn.com
awu@gibsondunn.com

Dated:  July 11, 2014

POTTER ANDERSON & CORROON LLP

By:  */s/ Philip A. Rovner*
    Philip A. Rovner (#3215)
    Matthew E. Fischer (#3092)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, Delaware 19899-0951
    Tel:  (302) 984-6000
    provner@potteranderson.com
    mfischer@potteranderson.com

*Attorneys for Defendant Wal-Mart Stores, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that, on July 11, 2014, the within document was electronically filed with the Clerk of the Court using CM-ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading from CM-ECF.

I further certify that on July 11, 2014, the within document was electronically mailed to the following persons:

### BY E-MAIL

Joel Friedlander, Esq.
Christopher M. Foulds, Esq.
Friedlander & Gorris, P.A.
222 Delaware Avenue, Suite 1400
Wilmington, DE  19801
jfriedlander@friedlandergorris.com
cfoulds@friedlandergorris.com

*Attorneys for Plaintiff*

*/s/ Philip A. Rovner*
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com